Andrew V. FORAY and Kandise L. Foray, Appellees,

v.

Grant Wesley BEJCEK and Opal Elaine Bejcek, Appellants.

No. 53228.

Supreme Court of Oklahoma.

Dec. 4, 1979.

As Modified Feb. 25, 1980.

Gary C. Rawlinson, Luttrell, Pendarvis & Rawlinson, Norman, for appellees.

Larry D. Barnett, Oklahoma City, for appellants.

DOOLIN, Justice:

Does 25 O.S.1971 § 82.1 apply to a date for closing set in a real estate contract? This section provides:

> The designation and dates of holidays in Oklahoma shall be as follows: Each Sunday . . . Any act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay.

In this case the real estate contract provided: "This sale is to be closed on or before October 1, 1978, unless the time of closing is extended by written agreement, . . . Time is the essence of this contract." October 1, 1978, fell on Sunday, closing was set for October 2, but not in writing. On October 2, sellers did not appear but instead notified buyers their contract to purchase the real estate terminated by its own terms. Buyers brought the present suit for specific performance of the contract and a second cause of action for damages.

Sellers entered an appearance and reserved thirty days to answer. Buyers moved for summary judgment attaching affidavits. Sellers demurred to buyers' petition upon grounds it did not state a cause of action and filed a counteraffidavit. Trial court sustained buyers' motion for summary judgment and ordered specific performance.

A hearing on sellers' motion to set aside the summary judgment was stricken to allow sellers a timely appeal. The judgment was superseded by sellers' depositing signed warranty deed into the court.[1]

On appeal sellers claim they were denied an opportunity to answer and to be heard on their demurrer to buyers' petition. However, examination of the record reveals sellers' counteraffidavit to buyers' motion for summary judgment was filed the same day as their demurrer. Examination of all

---

1. Whether sellers' motion to set aside the summary judgment is equivalent to a motion for new trial (12 O.S.1971 § 991) is not presented to us, and we render no opinion thereon; neither do we reach or decide whether or not the sellers have abandoned or waived their motion to set aside summary judgment by superceding such judgment.

pleadings and affidavits reveals no controversy as to the facts reference the closing date provided in the contract of sale.

Sellers' answer [2] raises but one defense to the summary judgment, as does their appeal; 25 O.S.1971 § 82.1 quoted above does not apply to contractual promises. They argue regardless of the statute mandating that no loss of rights of any kind shall result from performance on Monday an act to be performed on Sunday, *buyers* were in breach on Monday, October 2, 1978.

We hold that the statute is unambiguous in speaking of 'any act.' The date of closing, October 1, 1978, was extended by statute to Monday, October 2, of the same year. We further hold that the fact that the contract stated that time was of the essence did not operate to abrogate the effect of 25 O.S.1971, § 82.1—that statute extended the time in which the contract was to be performed by one business day. The 'time is of the essence' provision of the contract, when read in conjunction with the above cited statute, made performance on the next succeeding business day of the essence. If the parties sought to avoid the effect of 25 O.S.1971, § 82.1, they would have done so by specifically referring to the statute and stating their intent in the contract. This, however, was not done. Thus, performance after October 2 would have constituted a breach. As there was no dispute of material fact, a summary judgment pursuant to Rule 13 of the Rules of the District Courts of Oklahoma was in order. Applying the law just discussed to the undisputed facts, we find as follows.

We find sellers breached the contract on October 2, by notifying buyers of their refusal to close as provided in the contract. The contract stated closing was to be "on or before October 1, 1978." Reading the statute into the contract because October 1, was a Sunday, closing to be on or before October 2, 1978. Sellers offer no proof and do not argue buyers were not willing and able to close on that date.

Sellers, during term of contract with buyers, obtained a back up contract for more than the price in buyers' contract. This being a better bargain, they attempted to use an interpretation of the contract in conflict with the statutes of this state to terminate the contract. This is a breach and buyers are entitled to specific performance as a matter of law.

AFFIRMED.

LAVENDER. C. J., IRWIN, V. C. J. and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

---

**2.** Answer, filed after the summary judgment was entered, does not present any additional defenses.